NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES DUFFY, AKA Jim Duffy, | No. 24-3660 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-01988-APG-BNW |
| v. | |
| JPMORGAN CHASE BANK, N.A., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted September 16, 2025**
Pasadena, California

Before: BYBEE, IKUTA, and LEE, Circuit Judges.

James Duffy wired $420,000 to a bank account, thinking he was buying a

share in a hemp farm. Unfortunately, he fell prey to a scam. Unable to recover from

the swindlers, Duffy sued JPMorgan Chase Bank, arguing that it engaged in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

negligent misrepresentation and aided and abetted this fraud. The district court dismissed his complaint and entered judgment against Duffy. We have jurisdiction over his appeal under 28 U.S.C. § 1291, and we affirm.

In 2009, Warren Markowitz, a New York-barred attorney, went to a Chase bank[1] in Las Vegas and asked to open an attorney trust account. Markowitz told the Chase employee that he was licensed in the state of New York and "not a Nevada attorney." Chase created a Nevada interest on lawyer trust account (IOLTA) for Markowitz.

Around July 2019, Markowitz's client, Joseph Kowal, convinced James Duffy to transfer $420,000 to Markowitz's IOLTA in exchange for an ownership interest in Kowal's Michigan hemp farm. Markowitz presented himself as a Nevada lawyer during this transaction and told Duffy that he would use his IOLTA "to protect Duffy's funds." Markowitz assured Duffy that he had expertise in securities and hemp farming operations. Markowitz promised Duffy that he would receive a $500,000 payment from the farm's revenue in 120 days and would retain a one-third interest in the farm.

Duffy wired $420,000 to the IOLTA. But Kowal and Markowitz were

---

[1] Markowitz visited a Washington Mutual bank but because Chase acquired Washington Mutual in 2008, this disposition will refer to the bank as Chase or JPMorgan Chase.

scammers, and Duffy's funds were "lost within thirty days."

Duffy sued Kowal and Markowitz and obtained a judgment, but he has not been able to collect on it. He then sued Chase, alleging negligent misrepresentation and aiding and abetting breach of fiduciary duty. The district court initially dismissed Duffy's first amended complaint with leave to amend, and provided Duffy with instructions on how to address its insufficiencies. Duffy then filed a second amended complaint, and the district court dismissed it again, this time without leave to amend.

1. Failure to State a Claim. We review a district court's dismissal of a complaint for failure to state a claim de novo. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See id.* We affirm the district court's ruling that Duffy failed to sufficiently allege facts showing negligent misrepresentation and aiding and abetting breach of fiduciary duty by Chase.

Negligent misrepresentation requires that a defendant supply false information or make a false statement, which Duffy has not identified. *Guifoyle v. Olde Monmouth Stock Transfer Co., Inc.*, 335 P.3d 190, 197 (Nev. 2014) (en banc). Chase's actions of merely opening and holding an IOLTA account in Nevada for Markowitz, a New York-barred lawyer, do not amount to false information or a false

statement.[2]

Duffy's allegations also do not show a necessary element for aiding and abetting breach of fiduciary duty—that Chase "knowingly and substantially participated in or encouraged" Markowitz's breach. *Guilfoyle*, 335 P.3d at 198 (citing *In re Amerco Derivative Litig.*, 252 P.3d 681, 701-02 (Nev. 2011)). Slightly unusual activity in the IOLTA account's use and Markowitz's lack of professional connections to Nevada does not meet the standard for establishing that Chase had either actual or constructive knowledge that there was an ongoing breach of fiduciary duty. *Cf. In re J&J Invest. Litig.*, No. 2:22-cv-00529, 2023 WL 2572300 (D. Nev. Mar. 18, 2023). Nor does Chase's opening and maintenance of the IOLTA constitute substantial participation in or encouragement of Markowitz's breach of fiduciary duty to Duffy. *See In re First All. Mortg. Co.*, 471 F.3d 977, 994-95 (9th Cir. 2006) (explaining that a bank can aid and abet a tort through performing routine functions, but the bank must have actual knowledge that it was assisting a customer in committing a tort).

2. <u>Leave to Amend.</u> The district court did not err in denying Duffy leave to amend. While courts generally allow a plaintiff to file an amended complaint after

---

[2] Duffy points to a Nevada Supreme Court Rule which states "[a] member of the state bar or the member's law firm shall create or maintain an interest-bearing account." S.C.R. 217. But the state's requirement that Nevada lawyers maintain interest-bearing accounts in the state does not equate to a prohibition against non-Nevada lawyers (such as Markowitz) having such accounts.

dismissal, we may uphold a denial of leave to amend if "it is clear, upon de novo review, that the complaint could not be saved by any amendment" or if the plaintiff has repeatedly failed to cure deficiencies. *Mai v. United States*, 952 F.3d 1106, 1112-13 (9th Cir. 2020) (quoting *Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017)); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Duffy has had three opportunities to sufficiently plead his claims in his complaint, and the district court even gave Duffy guidance on how to address insufficiencies after dismissing the first amended complaint. A fourth opportunity would prove futile because Duffy cannot point to a false representation made by Chase or allege facts suggesting that Chase knew about and substantially participated in Markowitz's breach.

**AFFIRMED.**